■ WILLIAM QUINN, Respondent, v METRO NORTH COMMUTER RAILROAD CO., Appellant. [618 NYS2d 803] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about December 29, 1993, which denied defendant's motion to dismiss plaintiff's first cause of action in his amended complaint, alleging that defendant was negligent in allowing plaintiff to return to work while still disabled from a work-related injury, and granted plaintiff's cross-motion to dismiss defendant's sixth affirmative defense in its amended answer of accord and satisfaction, unanimously affirmed, without costs.

The IAS Court's order entered May 20, 1992, denying defendant's motion for a severance of the since discontinued cause of action based on the accident of August 30, 1988 from that based on the accident of August 10, 1989, expressly acknowledged plaintiff's opposition on the ground "that one of the questions which the jury will be called on to answer is whether the defendant properly allowed plaintiff to return to work." It is therefore clear that defendant, prior to accepting plaintiff's release of all claims arising out of the first accident, had notice of plaintiff's theory that the second accident was in part caused by defendant's negligence in allowing plaintiff to return to work before he had fully recovered from the first accident, and the release does not preclude plaintiff from asserting such a theory. To the extent that this theory, which is asserted as a separate cause of action in the amended complaint, which plaintiff was directed to serve after this partial settlement, should be deemed a new cause of action, rather than merely an amplification of the second cause of action in the original complaint, defendant clearly had notice of it, and thus it related back to the original complaint and is not barred by the three-year Statute of Limitations of the Federal Employers' Liability Act. Concur—Wallach, J. P., Ross, Rubin, Nardelli and Tom, JJ.